## CONTRIBUTORY NEGLIGENCE CONSTITUTING PROBABLE CAUSE.

### Common Pleas Court of Hamilton County.

HARRY WEINGERTNER ET AL v. OHIO ELECTRIC RAILWAY CO.[*]

Decided, July 7, 1913.

*Negligence—By a Chauffeur at an Interurban Crossing—Finding by the Court as to What a Reasonably Prudent Man Would Have Done Under the Circumstances.*

The court holds as a matter of law that a reasonably prudent person would not drive an automobile upon the track of an interurban road, after stopping at a point where he could not see whether or not there was a car approaching, when the circumstances were such he could have easily so placed himself as to have seen the approaching car or by stopping his engine he could have heard it; and having failed so to do the plaintiff was guilty of contributory negligence of such a character as to constitute proximate cause of his injury from being struck by the approaching car.

*Kelley & Hauck,* for plaintiff.

*Paxton, Warrington & Seasongood, R. S. Marx* and *Shepherd & Shepherd,* contra.

DICKSON, J. (orally).

The plaintiff, a minor, a chauffeur, was seriously injured at the intersection of the Van Zandt road and the Hamilton pike, this county, by the automobile he was driving coming into collision with an electric car. At the conclusion of the plaintiff's evidence the defendant moved for an instructed verdict in its favor, because among other reasons the plaintiff, as appeared by the evidence offered in his behalf, was guilty of contributory negligence.

To be guilty of contributory negligence both parties must have been negligent; the plaintiff must have been negligent; and his negligence a proximate cause of his injuries, *i. e.,* a cause without which he would have been whole. The evidence discloses that the plaintiff was driving an automobile east on the Van Zandt road intending to turn south on the Hamilton pike.

[*] For previous opinion in the same case, see 12 N.P. (N.S.), 659.

and that he well knew it was necessary for him to cross the defendant's track in order to do this; that he was familiar with this railroad crossing; that he knew he could not see a car coming from the north until very near the track, that he voluntarily stopped at a place where he could not see a car coming from the north; that he looked and of course did not see such a car; that he did not stop his engine, which was making a noise, and did not hear an approaching car—that then he with such knowledge gained by such looking and listening voluntarily started ahead at such speed that the collision quickly followed, with its most unfortunate results.

Was such conduct under such circumstances negligence? The test is, would ordinarily a reasonably prudent person have thus acted under such circumstances? Who is this reasonably prudent person, and under what circumstances is the duty of the court, or when is it the duty of the jury, to "find" him? Clearly if there be a conflict in the testimony, evidenced merely by a scintilla, such duty rests with the jury under proper cautions by the court. But if there be no conflict at all, then clearly it becomes the duty of the court to pass on the evidence thus become a matter of law.

Here there is no evidence—no scintilla in favor of the plaintiff—and the court must decide—without shrinking—whether this plaintiff acted as a reasonably prudent person. Would this plaintiff, had he been a reasonably prudent person, voluntarily have gone onto a railroad track where he was likely to meet an heavy electric car, from a place of known safety and under circumstances such that he could neither see nor hear an approaching car, and too when he could have placed himself at a point of vantage where he could easily have seen the rapidly approaching car, and could have easily stopped his engine and thus heard it.

It is the painful duty of the court to find as a matter of law, and the court so finds, that the plaintiff did not act as a reasonably prudent person under the then circumstances—and thus to instruct a verdict for the defendant—which is now accordingly done.